**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0034n.06

Case No. 20-1140

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 14, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DAVID ANTHONY CAMERON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| RANDEE REWERTS, Warden, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: CLAY, GILMAN, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Brenda Roszkowski managed a set of apartments. When she served one of her tenants with an eviction notice, the tenant was not happy. So the tenant's boyfriend, David Cameron, stepped in. First, Cameron tried to bribe Roszkowski with $300 in cash. When that didn't work, Cameron took his gun and went to visit Roszkowski.

Roszkowski wasn't in her office, so Cameron waited. And when she arrived, he forced her against a wall, pressed the gun into her face, and threatened her. She pleaded with Cameron, but he only became more aggressive. He yanked her back by her hair and said he would kill both Roszkowski and her daughter during his next visit. Cameron gave Roszkowski a kiss. Then he slammed her face-first into a wall. Roszkowski fell to the floor and lost consciousness; she was later diagnosed with a concussion and suffered recurring seizures.

After a one-day bench trial, the trial judge found Cameron guilty of assault with intent to commit murder and two firearms-related crimes. *See People v. Cameron*, No. 306391, 2013 WL 951213, at *1 (Mich. Ct. App. Feb. 26, 2013) (per curiam) (reducing assault conviction to intent to do great bodily harm). After exhausting his state-court appeals, Cameron raised eight grounds for relief in federal court. *See* 28 U.S.C. § 2254. The district court rejected all eight claims. We then granted a certificate of appealability on two of the claims: (1) whether Cameron's right to a fair trial was violated, and (2) whether Cameron's trial counsel provided ineffective assistance. Both claims lack merit, so we affirm.

## I.

The Antiterrorism and Effective Death Penalty Act (AEDPA) determines when a federal court can grant habeas relief from a state court's judgment. Because habeas addresses only "extreme malfunctions in the state criminal justice systems," AEDPA's standards are purposefully rigorous. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain relief under AEDPA, a petitioner must show that a state court's decision was either: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

Cameron alleges that the Michigan Court of Appeals unreasonably applied federal law. So we focus exclusively on the first prong of § 2254(d) and ask if the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

II.

*Fair Trial*. The Due Process Clause requires a fair trial before a non-biased judge. *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997). Cameron's first claim is that the trial judge was not impartial.

To explain Cameron's claim, some brief background is necessary. Shortly after Cameron waived his right to a jury trial, officers presented Cameron's trial judge with a search warrant for Cameron's home. The search warrant included an affidavit detailing Cameron's prior convictions and suspected criminal activity. The trial judge reviewed the affidavit and authorized the search.

Because the search-warrant affidavit contained prejudicial information, Cameron argues that the trial judge could not later serve as a neutral factfinder. Cameron's lawyer made this objection before trial. But the judge attested that he "truly [did] not have an independent recollection of any of the information . . . in the search warrant" and overruled the objection.

The Michigan Court of Appeals affirmed. *Cameron*, 2013 WL 951213, at *5. It concluded that Cameron failed to show that his right to a fair trial was violated for three reasons: (1) there is a presumption that trial judges can ignore inadmissible evidence, (2) the trial judge stated that he didn't remember the contents of the search-warrant affidavit, and (3) "the record reveal[ed] that the trial court only considered evidence that was properly admitted." *Id.* at *6. Cameron argues this was an unreasonable application of federal law. We think otherwise.

Our judicial system operates under a fundamental presumption that trial judges are impartial, even when presented with inadmissible or prejudicial information. *Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions."); *Withrow v. Larkin*, 421 U.S. 35, 47 (1975) (noting "a presumption of honesty and integrity in those serving as adjudicators"). For that reason,

"[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Liteky v. United States*, 510 U.S. 540, 551 (1994).

That's effectively what happened here. The trial judge reviewed the search-warrant affidavit as part of the investigative proceeding. Though he later presided over Cameron's bench trial, it is presumed that he "consider[ed the] evidence" in the affidavit "and then dismiss[ed] it from [his] mind[]." *Coley v. Bagley*, 706 F.3d 741, 750 (6th Cir. 2013) (cleaned up). The record shows that was the case here. Before trial, the judge asserted that he did not remember any specific information in the affidavit. And after trial, he explained in his verdict that he considered only evidence entered at trial.

Cameron offers two counterarguments. First, Cameron claims that the presumption of impartiality does not apply because prosecutors sought the search warrant without Cameron's counsel present. But he offers no legal authority to support his claim. Second, Cameron argues that the trial judge's impartiality is irrelevant. The true question before us, he says, is whether he voluntarily waived his right to a jury trial. But we did not certify that question for appeal as a freestanding issue, so we will not consider it now. *See Abdur'Rahman v. Colson*, 649 F.3d 468, 473 (6th Cir. 2011); *see also* 28 U.S.C. § 2253.

In sum, Cameron has not established that the state court's fair-trial decision was contrary to clearly established federal law as determined by the Supreme Court. *See Harrington*, 562 U.S. at 103. His first claim therefore fails.

*Ineffective Assistance of Counsel*. Cameron's second claim is that his trial counsel provided ineffective assistance. We apply a "highly deferential" standard to ineffective-assistance-of-counsel claims on habeas review. *Id.* at 105 (citation omitted). If there is "any

reasonable argument that [Cameron's] counsel" was "within the wide range of reasonable professional assistance," we must deny relief. *Id.* at 104, 105 (cleaned up).

Cameron argues that his counsel was deficient for three reasons. First, Cameron argues that his counsel failed to move to withdraw his jury-trial waiver or to have the trial judge recused. The Michigan Court of Appeals dismissed this claim for two reasons. It presumed that his counsel's decision was a strategic choice, and it held that any motion to recuse would have been futile without evidence that the trial judge was biased. *See Cameron*, 2013 WL 951213, at *8. We agree.

Disagreements about trial strategy do not constitute ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Instead, Cameron had to establish that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. And Cameron's counsel could have reasonably determined that a bench trial was the best option for several reasons—Cameron was accused of a violent crime; the trial judge attested that he didn't remember any prejudicial information; and given the trial judge's dismissal of counsel's initial objection and the presumption that a trial judge will disregard inadmissible evidence, a formal motion to recuse likely would have been futile. Cameron's counsel had "wide latitude" to make these types of "tactical decisions." *Id.* at 689. And none of the contested decisions fell below "an objective standard of reasonableness." *Id.* at 688.

Cameron's second and third reasons fail on procedural grounds. Cameron claims that his counsel prepared his case the night before trial and failed to advise him about the search-warrant affidavit or the possibility of withdrawing the jury-trial waiver. But these arguments were not certified for appeal, so we will not address them. *See Colson*, 649 F.3d at 473.

Because Cameron did not establish that his counsel was constitutionally deficient, his second claim also fails.

We affirm.